IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-05598-PAB

BRANGER LEONARDO HERNANDEZ,

Petitioner,

v.

JUAN BALTAZAR, Warden Denver Detention Facility,

Respondent.

---

**ORDER**

---

This matter comes before the Court on petitioner Branger Leonardo Hernandez's *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1]. Respondent has filed a response. Docket No. 6.

## I. Background[1]

Petitioner[2] is a citizen of Venezuela. Docket No. 1 at 5. He entered the United States on December 21, 2023, and was released into the country under a supervision program. *Id.* On October 14, 2026, Immigration and Customs Enforcement ("ICE") took petitioner into immigration custody. *Id.* He is not subject to a final order of removal, and he has no criminal history. *Id*. Petitioner states that he has not been provided a bond hearing. *Id.* at 2, 5.

[1] The following facts are undisputed unless otherwise noted.

[2] Because petitioner is proceeding pro se, the Court construes his filings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

On October 26, 2026, petitioner filed a habeas petition, asserting one claim, which he titles: "I am detained under 1226(a) not 1225(b)." Docket No. 1 at 2. For relief, he requests immediate release or a bond hearing at which the government bears the burden of proof by clear and convincing evidence that his continued detention is necessary. *Id.* at 4.

On November 12, 2026, respondent filed a response. Docket No. 6. Respondent does not provide any opposition to the petition. *Id.* at 1. Respondent states that, "if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondent, within seven days of the Court's Order, release Petitioner from detention." *Id.* at 1-2 (citing *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026)).

## II. Analysis

In *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), the Tenth Circuit held that 8 U.S.C. § 1226(a) governs the detention of noncitizens undergoing removal proceedings who are detained in the interior of the United States. Petitioner is undergoing removal proceedings[3] and was detained in the interior of the United States. Docket No. 1 at 5. Respondent does not dispute that petitioner is detained pursuant to 28 U.S.C. § 1226(a). See Docket No. 6. Therefore, the Court finds that petitioner is detained pursuant to § 1226(a) and is entitled to relief.

[3] Although petitioner appears to alleges that he was not placed in removal proceedings, this Court takes judicial notice of the information provided on the Executive Office for Immigration Review Automated Case Information webpage, available at https://acis.eoir.justice.gov/en/, which shows that petitioner is currently in removal proceedings. *See Winzler v. Toyota Motor Sales U.S.A., Inc.*, 681 F.3d 1208, 1213 (10th Cir. 2012) ("The contents of an administrative agency's publicly available files . . . traditionally qualify for judicial notice."); Fed. R. Evid. 201.

Respondent submits that, if the Court grants the petition, the appropriate relief is for the Court to order respondent to "release Petitioner from detention." Docket No. 6 at 1-2. Petitioner seeks his release from detention. Docket No. 1 at 4. Thus, the Court will order respondent to release petitioner.

**III. Conclusion**

Therefore, it is

**ORDERED** that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1] is **GRANTED**. It is further

**ORDERED** that respondents shall release petitioner from custody within **48 hours** of the issuance of this order. It is further

**ORDERED** that respondents shall file a status report within **four days** of the issuance of this order confirming that petitioner was released from custody.

DATED November 17, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge